1   Enzo Der Boghossian (SBN 211351)
    ederboghossian@proskauer.com
2   Susan L. Gutierrez (SBN 273980)
    sgutierrez@proskauer.com
3   PROSKAUER ROSE LLP
    2049 Century Park East, Suite 3200
4   Los Angeles, CA 90067-3206
    Telephone:   (310) 557-2900
5   Facsimile:   (310) 557-2193

6   Attorneys for Defendant,
7   *McDonald's Restaurants of California, Inc.*

8

9                 **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

12  Monica Corona, an individual,                | Case No.  2:14-cv-9890

13                           Plaintiff,           | (Los Angeles County Superior Court
                                                  | Case No. BC565407)
14           v.
                                                  | **DECLARATION OF ENZO DER**
15  McDonald's Restaurants of California,         | **BOGHOSSIAN IN SUPPORT OF**
    Inc., a California Corporation, dba as        | **DEFENDANT'S NOTICE OF**
16  McDonald's; and DOES 1 through 50,            | **REMOVAL OF CIVIL ACTION**
    inclusive,                                    | **TO THE UNITED STATES**
17                                                | **DISTRICT COURT FOR THE**
                             Defendants.          | **CENTRAL DISTRICT OF**
18                                                | **CALIFORNIA**

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF ENZO DER BOGHOSSIAN

**DECLARATION OF ENZO DER BOGHOSSIAN**

I, Enzo Der Boghossian, declare as follows:

1.    I am a Partner at Proskauer Rose LLP, attorneys of record for Defendant McDonald's Restaurants of California, Inc., in the above-captioned action.  I am admitted to practice in the State of California and in the United States District Court for the Central District of California.  Except as may be expressly noted below, I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would competently testify thereto.  I submit this declaration in support of McDonald's Notice of Removal of Civil Action to the United States District Court for the Central District of California.

2.    I am informed and believe that on December 2, 2014, Plaintiff Monica Corona commenced an action against McDonald's in the Superior Court of the State of California, County of Los Angeles, entitled *Corona v. McDonald's Restaurants of California, Inc.*, Case No. BC565407 (the "Action").

3.    On December 3, 2014, McDonald's was served with a copy of the Complaint and Summons.  True and correct copies of the Summons and Complaint are attached as **Exhibit A**.

4.    On December 29, 2014, McDonald's filed an Answer to the Complaint in the Los Angeles County Superior Court, and served a copy upon Plaintiff the same day.  A true and correct copy of the Answer is attached hereto as **Exhibit B**.

5.    Attached hereto as **Exhibit C** is a true and correct copy of the Notice to Adverse Party of Removal, which will be served after the filing of McDonald's Notice of Removal of Civil Action to District Court.

6.    Attached hereto as **Exhibit D** is a true and correct copy of the Notice to Superior Court Clerk of Removal of Civil Action, which will be filed with the Los Angeles County Superior Court after the filing of McDonald's Notice of Removal of Civil Action to District Court.

1   I declare under penalty of perjury under the laws of the United States and the

2   State of California that the foregoing is true and correct to the best of my

3   knowledge and belief.

4

5   Executed this 30th day of December, 2014 at Los Angeles, California.

6

7                                                   /s/ Enzo Der Boghossian

8                                                   Enzo Der Boghossian

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ENZO DER BOGHOSSIAN

# EXHIBIT A

91324
A6024

1 | Edwin Pairavi, Esq.,   (State Bar No.: 257290)
2 | Saradin Chhim, Esq.,   (State Bar No.: 276170)
**PAIRAVI LAW, P.C.**
3 | 1875 Century Park East, Suite 1025
Los Angeles, California 90067
4 | Telephone:    (310) 789-2063
Facsimile:    (310) 789-2064
5 | Edwin@Pairavilaw.com

6 | Omid Nosrati, Esq.,   (State Bar No.: 216350)
**LAW OFFICE OF OMID NOSRATI**
7 | 1875 Century Park East, 6th Floor
Los Angeles, California 90067
8 | Telephone:    (310) 553-5630
Facsimile:    (310) 553-5691
Omid@Nosratilaw.com

9 | Attorneys for Plaintiff,
10 | MONICA CORONA

FILED
Superior Court of California
County of Los Angeles

DEC 0 2 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

D-52
SUSAN BRYANT-DEASON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| MONICA CORONA, an individual, | Case No.   **BC 5 6 5 4 0 7** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1.  **Interference with Leave and Unlawful Discharge in Violation of the Family and Medical Leave Act, 29 U.S.C. §2615(a)(I)(2)** |
| MCDONALD'S RESTAURANTS OF CALIFORNIA, INC., a California Corporation, dba as MCDONALD'S; and DOES 1 through 50, inclusive, | [Unlimited Jurisdiction] [Amount in Controversy Over $25,000] |
| Defendants. | **DEMAND FOR JURY TRIAL** |

///
///

**Exhibit A
Page 003**

Plaintiff, MONICA CORONA, complains and alleges as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff, MONICA CORONA ("Plaintiff") is a female and is, and was at times material herein, a resident of the State of California.

2.      Plaintiff is informed and believes and thereon alleges that at all times relevant for purposes of this Complaint, Defendant, MCDONALD'S RESTAURANTS OF CALIFORNIA, INC., is a corporation duly organized and existing under and by virtue of the laws of the State of California, and is qualified to do business and is doing business in the State of California, as MCDONALD'S, with its principal place of business in Los Angeles, California.

3.      Plaintiff is ignorant of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, inclusive; and they are therefore sued pursuant to Code of Civil Procedure Section 474.  When their true names and capacity are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacity herein.  Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 through 50, inclusive, hereinafter collectively referred to as DOES, acted wrongfully, maliciously, intentionally and negligently; that each is responsible in some manner for the events and happenings complained of herein; and that injuries of Plaintiff, as alleged herein, were proximately caused by Defendants DOES, either through said Defendants' own conduct or through the conduct of their agents and/or employees.

4.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, each of the Defendants, whether named or fictitiously named as DOE (hereinafter collectively referred to as Defendants), were the merging entity, merged entity, subsidiary, acquiring corporation, agent and/or employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment with knowledge, advice, permission and consent of each other.

5.      As used herein the term "Defendants" means all Defendants, both jointly and severally, and references by name to any named one Defendant shall include and reference all Defendants, both individual, corporate and business entities, both specifically named and unnamed, and both jointly and severally to all.

THE LAW OFFICES OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

Exhibit A
Page 004

THE LAW OFFICES OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

## VENUE AND JURISDICTION

6.     Venue is proper in Los Angeles County because Defendant employed Plaintiff in the County of Los Angeles, and the acts complained of herein occurred in Los Angeles County.

## STATEMENT OF FACTS

7.     Plaintiff began her employment with MCDONALD'S RESTAURANTS OF CALIFORNIA, INC. ("McDonald's") in or around October of 1995.  At all relevant times, Plaintiff competently discharged her duties as a cook.  Throughout her tenure with McDonald's, Plaintiff maintained a good record and regularly received pay increases for her consistently good performance.  At the time of her termination, Plaintiff was earning approximately $11.06 per hour.

8.     In or around October of 2011, Plaintiff suspected that she was pregnant but noticed that she was bleeding profusely.  She immediately sought medical treatment to determine the cause of the bleeding.  On a visit to a medical clinic in October of 2011, Plaintiff was informed by health care providers that she was in fact pregnant and that the bleeding was caused by her high-risk pregnancy.  She was referred to hospital that same day for further treatment and evaluation for her high-risk pregnancy.

9.     After being released from the hospital, Plaintiff discussed her high-risk pregnancy with her supervisors, namely, store manager Blanca Rivas ("Ms. Rivas") and assistant manager Carlos Lopez ("Mr. Lopez").  In her face-to-face conversation with Ms. Rivas and Mr. Lopez in October of 2011, Plaintiff explained that she was "pregnant" and that she was "bleeding" due to her "high-risk pregnancy."  She also furnished Ms. Rivas and Mr. Lopez with medical documentation to substantiate her high-risk pregnancy.  In response, Ms. Rivas simply shrugged off the information supplied by Plaintiff by stating, "O.K."

10.    In or around November of 2011, Plaintiff began bleeding profusely in connection with her high-risk pregnancy once again.  The incident forced Plaintiff to miss work and caused her to check into a hospital to seek immediate medical treatment.  While Plaintiff was receiving treatment at the hospital, Plaintiff received a phone call from Mr. Lopez, who demanded to know where she was and why she had not arranged for someone to cover her shift.  In response, Plaintiff reminded Mr. Lopez that she had a "high-risk pregnancy" and that she was bleeding profusely in

Exhibit A
Page 005

1   connection with the same. When Plaintiff attempted to explain further, Mr. Lopez hung up on her.

2       11.     Later that same day, while Plaintiff was still at the hospital, she received a phone call

3   from Ms. Rivas. During her conversation with Ms. Rivas, Plaintiff explained that she was at the

4   hospital because she was "bleeding a lot" due to her "high-risk pregnancy." Plaintiff also disclosed

5   that Mr. Lopez had called her earlier to reprimand her for missing work and for not arranging for a

6   colleague to cover her shift. At no time during the phone call conversation did Ms. Rivas ever

7   inform Plaintiff of her leave rights.

8       12.     After being released from the hospital, Plaintiff took approximately two weeks off of

9   work pursuant to her doctor's orders. Plaintiff ultimately returned to work in early December of

10  2011.

11      13.     In early December of 2011, while at work, Plaintiff suffered an incident where she

12  again began to bleed profusely. A colleague, "Wendy," noticed Plaintiff's bleeding and offered to

13  transport Plaintiff to a nearby hospital. Wendy attempted to contact her supervisors but received no

14  response. Accordingly, Wendy then took it upon herself to leave work and transport Plaintiff to a

15  nearby hospital to seek treatment for her bleeding.

16      14.     Plaintiff was subsequently evaluated and treated at a hospital for her bleeding.

17  Notably, Plaintiff's health care providers placed Plaintiff under work restrictions that included a

18  prohibition on strenuous activities at work. Plaintiff was released from the hospital approximately

19  two days after checking in.

20      15.     Thereafter, Plaintiff reported to work and approached Ms. Rivas to discuss her

21  pregnancy-related medical condition and her work restrictions. During her conversation with Ms.

22  Rivas, Plaintiff explained that she again underwent hospitalization in connection with her high-risk

23  pregnancy and bleeding. Plaintiff also explained that she was given work restrictions and proceeded

24  to then hand a copy of her restrictions to Ms. Rivas. Ms. Rivas took the work restrictions without

25  saying a word to Plaintiff.

26      16.     On or about December 10, 2011, Ms. Rivas abruptly informed Plaintiff that there was

27  "no more work" for Plaintiff with McDonald's because her social security number was purportedly

28  "no good." However, this was a pretext for discrimination and retaliation based on Plaintiff's

THE LAW OFFICES OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A., CA 90067

– 4 –

COMPLAINT

1  pregnancy-related medical condition and need for a leave of absence in connection with the same.

2  Ultimately, Plaintiff's last day of employment with McDonald's was on December 20, 2011.

3  ### FIRST CAUSE OF ACTION

4  ### Interference with Leave and Unlawful Discharge in Violation of the Family and Medical Leave

5  ### Act, 29 U.S.C. § 2615(a) (I)(2)

6  **(Against All Defendants)**

7    17. Plaintiff hereby alleges and incorporates by reference paragraphs, as though fully set

8  forth herein, the allegations contained in paragraphs 1 through 16.

9    18. At all times mentioned in this complaint, the Family and Medical Leave Act (FMLA)

10  was in full force and effect and was binding on Defendant.  Federal law prohibits employers from

11  interfering with, restraining, or denying the exercise of any right under the Family and Medical

12  Leave Act, including the right to take pregnancy-related leave.  29 U.S.C. § 2615(a)(1).

13    19. The FMLA provides that eligible employees are entitled to take up to 12 weeks of

14  leave in any 12-month period due to a serious health condition, and that the employee is entitled to

15  be restored to the same or an equivalent position following her leave.  29 U.S.C. §§ 2612(a)(1)(D),

16  2614(a)(1).

17    20. Federal law also prohibits employers from disciplining or discharging an employee

18  because she has exercised her right to take FMLA leave, or from using such leave as a negative

19  factor in an employment decision.  29 C.F.R. § 824.220(c).

20    21. Federal law also requires that employers provide notice to employees of their

21  eligibility to take FMLA leave within five days of the time the employer becomes aware that the

22  employee may need leave for FMLA-qualifying reason.  Failure to follow the notice requirements

23  may constitute interference with, restraint, or denial of the exercise of an employee's FMLA rights.

24  29 C.F.R. § 825.300.

25    22. Defendants were at all times material employers under the FMLA see e.g. 29 U.S.C.

26  § 2611(4)(A)(ii)(i), 29 CFR § 825.104(d).

27    23. Plaintiff was a covered employee under the FMLA.

28    24. In or around October and/or November of 2011, Plaintiff experienced a pregnancy-

THE LAW OFFICES OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A. CA 90067

**Exhibit A**
**Page 007**

related serious medical condition within the meaning of FMLA, including but not limited to severe

bleeding related to a high-risk pregnancy.

25.     Plaintiff was entitled to leave due to her pregnancy-related medical condition.

26.     In or around December of 2011, Defendant terminated Plaintiff's employment because her social security number was purportedly "no good." However, this was a pretext for discrimination and retaliation based on Plaintiff's pregnancy-related medical condition and need for a leave of absence in connection with the same.

27.     Defendant never gave Plaintiff written notice of her rights and obligations under the FMLA. Defendant's failure to give notice to Plaintiff concerning her rights and obligations constitutes interference with Plaintiff's FMLA rights.  Sec 29 C.F.R. § 825.301.

28.     Defendant's actions interfered with Plaintiff's exercise of her right to leave under the FMLA, and, as such, constitute unlawful interference in violation of federal law.

29.     Defendant's actions further constitute unlawful retaliation against Plaintiff for attempting to exercise her right to leave under the FMLA.

30.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

31.     As a proximate result of Defendant's conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

32.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred and will likely incur, medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said pain and physical and emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

33.     As a result of defendant's willful violations of the FMLA, which were not done in good faith, Plaintiff is entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), in an

THE LAW OFFICES OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, LA, CA 90267

**Exhibit A
Page 008**

1   amount to be proven at trial.

2       34.     As a proximate result of Defendant's conduct, Plaintiff has incurred attorney's fees

3   and costs in an amount to be proven at trial.

4                                    **PRAYER**

5   **WHEREFORE**, Plaintiff prays judgment against Defendants as follows:

6   1.   For all actual, consequential and incidental financial losses, including without

7        limitation loss of salary and benefits, wages, together with prejudgment interest,

8        according to proof;

9   2.   For compensatory and general damages in an amount according to proof;

10  3.   For prejudgment and post-judgment interest according to any applicable provision of

11       law, according to proof;

12  4.   Liquidated damages under the Family Medical Leave Act, 29 U.S.C. 2617

13       (a)(1)(A)(iii);

14  5.   Costs of suit under the Family Medical Leave Act, 29 U.S.C. 2617 (a)(3);

15  6.   Reasonable attorney fees under the Family Medical Leave Act, 29 U.S.C. 2617 (a)(3);

16  6.   Such other and further relief as the court deems proper.

17

18  Dated:        December 1, 2014                          PAIRAVI LAW, P.C.
                                                            LAW OFFICE OF OMID NOSRATI

19

20

21

22                                                          By:     Edwin Pairavi
                                                                    Omid Nosrati
23                                                                  Saradin Chhim
                                                                    Attorneys for Plaintiff,
24                                                                  MONICA CORONA

THE LAW OFFICES OF OMID NOSRATI
1875 CENTURY PARK EAST, 6TH FLOOR, L.A, CA 90067

– 7 –

**Exhibit A**
**Page 009**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MCDONALD'S RESTAURANTS OF CALIFORNIA, INC., a
California Corporation, dba as MCDONALD'S; and DOES 1 through 50, *inclusive*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MONICA CORONA, an individual,

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 0 2 2014

Sheri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | CASE NUMBER: <br> *(Número del Caso):* **BC 5 6 5 4 0 7** |

Superior Court of State of California - LA County - Central District
111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Pairavi Law PC, Edwin Pairavi (257290) 1875 Century Park East, Ste 1025, LA, CA 90067 (310) 789-2063

| DATE: <br> *(Fecha)* | SHERRI R. CARTER | Clerk, by <br> *(Secretario)* | M. Soto | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

DEC 0 2 2014

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* McDonald's Restaurants of California, Inc., a California Corporation dba as McDonalds
3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit A**
**Page 010**



# Corporation Service Company ®

**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number:** ███████████
(Click the Transmittal Number to view your SOP)

*For more information on instant access to your SOP, click Sign Me Up.*

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | McDonald's Restaurants of California, Inc. |
| **Entity I.D. Number:** | 0539152 |
| **Entity Served:** | McDonald's Restaurants of California, Inc. |
| **Title of Action:** | Monica Corona vs. McDonald's Restaurants of California, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC565407 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/03/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Edwin Pairavi
310-789-2063

1

**Exhibit A**
**Page 011**

**Primary Contact:**
SOP CSC MCD
McDonald's Corporation

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.cscglobal.com for more information related to CSC's Litigation and Matter Management services, including MYSOP, online acknowledgement of SOP and to view a complete library of all SOP received on your behalf by CSC.

**CSC is SSAE 16 certified for its Litigation Management System.**

**2711 Centerville Road   Wilmington, DE 19808**
**(888) 690-2882   |**

**Exhibit A**
**Page 012**

# EXHIBIT B

00/00/2014 16:23:30 FAX 2132459990   NATIONWIDE LEGAL   Monday, December 29, 2014

1  Enzo Der Boghossian (SBN 211351)
   ederboghossian@proskauer.com
2  Susan L. Gutierrez (SBN 273980)
   sgutierrez@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA 90067-3206
   Telephone:  (310) 557-2900
5  Facsimile:   (310) 557-2193

6  Attorneys for Defendant,
   *McDonald's Restaurants of California, Inc.*
7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 2 9 2014

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10
    Monica Corona, an individual,                 Case No. BC565407
11
                          Plaintiff,             **DEFENDANT MCDONALD'S
12                                               RESTAURANTS OF
              v.                                 CALIFORNIA, INC.'S ANSWER
13                                               TO PLAINTIFF'S UNVERIFIED
    McDonald's Restaurants of California,        COMPLAINT**
14  Inc., a California Corporation, dba as
    McDonald's; and DOES 1 through 50,           Complaint Filed:   December 2, 2014
15  inclusive,                                   Trial Date:        None set
16                        Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

ANSWER TO UNVERIFIED COMPLAINT

**EXHIBIT B**
**Page 013**

00/00/2014  16:23:30 FAX 2132499990      NATIONWIDE LEGAL                  Monday, December 29, 2014

1      Defendant McDonald's Restaurants of California, Inc. ("Defendant") hereby

2  answers the unverified Complaint of Plaintiff Monica Corona ("Plaintiff") as

3  follows:

## GENERAL DENIAL

5      Pursuant to the provisions of section 431.30(d) of the California Code of

6  Civil Procedure, Defendant denies, generally and specifically, each and every

7  allegation of the unverified Complaint and further denies, generally and

8  specifically, that Plaintiff is entitled to damages or to any other relief whatsoever

9  by reason of the acts or omissions on the part of Defendant.  Defendant also pleads

10  the following separate affirmative defenses to the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Cause Of Action)

14      The Complaint and each cause of action alleged therein fails to state facts

15  sufficient to constitute a cause of action because Plaintiff has not pled sufficient

16  facts to show that Defendant discriminated or retaliated against or harassed her,

17  wrongfully terminated her employment, and/or violated any rights owed to

18  Plaintiff under the Family and Medical Rights Act ("FMLA").

## SECOND AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory/Non-Retaliatory Actions)

21      Plaintiff is barred from recovery in this action because Defendant's decision

22  to terminate Plaintiff's employment and any and all employment decisions

23  regarding Plaintiff were based on legitimate non-discriminatory/non-retaliatory

24  reasons and were not in violation of the FMLA.

## THIRD AFFIRMATIVE DEFENSE

### (Reasonableness And Good Faith)

27      Defendant and its agents acted reasonably and in good faith at all times

28  material herein, based on all relevant facts and circumstances known by them at

1

ANSWER TO UNVERIFIED COMPLAINT

**EXHIBIT B**
**Page 014**

00/00/2014  16:23:30 FAX 2132459990        NATIONWIDE LEGAL            Monday, December 29, 2014

1   the time they so acted.   Accordingly, Plaintiff is barred from recovery in this

2   action.

### FOURTH AFFIRMATIVE DEFENSE

4                                   (Good Faith)

5       Defendant and its agents acted in good faith and took affirmative steps

6   throughout Plaintiff's employment to ensure that their conduct was in compliance

7   with the relevant provisions of the FMLA and any other applicable statutes

8   governing Plaintiff and her employment with Defendant.  Accordingly, Plaintiff is

9   barred from recovery in this action.

### FIFTH AFFIRMATIVE DEFENSE

11                          (No Tangible Loss Of Benefits)

12      The Complaint and each cause of action alleged therein are barred because

13  Plaintiff did not suffer any tangible loss of employment benefits as a direct and

14  proximate result of the alleged conduct by Defendant; rather, any damages

15  sustained by Plaintiff are the direct result of her own conduct.

### SIXTH AFFIRMATIVE DEFENSE

17                        (California Labor Code Section 2922)

18      Plaintiff's employment relationship with Defendant was governed by

19  California Labor Code § 2922; accordingly, she was an at-will employee and, thus,

20  her employment was terminable at-will.

### SEVENTH AFFIRMATIVE DEFENSE

22                             (Failure To Mitigate)

23      Plaintiff failed to take reasonable steps and to exercise due diligence in an

24  effort to minimize or mitigate her alleged damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

26              (Punitive and Liquidated Damages Unavailable)

27      Plaintiff cannot recover punitive or liquidated damages because Defendant at

28  all relevant times made a good faith effort to comply with all applicable laws with

1  regard to Plaintiff, had reasonable grounds to believe its actions at all times

2  complied with all applicable laws, and had no actual or constructive notice of any

3  violation.   Defendant has not acted in reckless disregard of the law and,

4  accordingly, has not engaged in any willful violation of the law.

5  **NINTH AFFIRMATIVE DEFENSE**

6  (Good Cause For Termination)

7  Plaintiff's employment with Defendant was terminated for good cause and

8  sufficient non-discriminatory/non-retaliatory reasons.   Accordingly, Plaintiff is

9  barred from any recovery in this action.

10  **TENTH AFFIRMATIVE DEFENSE**

11  (Offset)

12  If Plaintiff sustained any damage as a result of the conduct alleged in the

13  Complaint, which Defendant continues to deny, then Defendant is entitled to an

14  offset to the extent Plaintiff received income from other sources, including

15  Workers' Compensation, Unemployment Insurance benefits, California State

16  Disability Insurance benefits or subsequent employment.

17  **ELEVENTH AFFIRMATIVE DEFENSE**

18  (Failure to Request or Give Notice to Employer of Need For Leave Under

19  the FMLA)

20  Plaintiff cannot state a claim under the FMLA because she has not pled

21  sufficient facts demonstrating that she requested a leave of absence or notified

22  Defendant of her purported need for time away from work, when the leave would

23  begin, end or how long the leave was expected to last.

24  **TWELFTH AFFIRMATIVE DEFENSE**

25  (No Retaliation For Having Exercised Rights Under The FMLA)

26  Plaintiff cannot state a claim of retaliation based on her use of medical leave

27  under the FMLA because she has not pled sufficient facts demonstrating that

28

3

ANSWER TO UNVERIFIED COMPLAINT

**EXHIBIT B**
**Page 016**

1 Defendant engaged in any retaliatory conduct on account of Plaintiff's use of
2 leave.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Serious Health Condition)

5   Plaintiff cannot state a claim under the FMLA because she has not plead
6 sufficient facts demonstrating that she suffered from a serious health condition
7 making her eligible for leave.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Employer Prevention)

10   Plaintiff cannot state a claim under the FMLA because she has not pled
11 sufficient facts demonstrating that she was prevented from taking any purported
12 FMLA leave.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

15   Plaintiff's claims are barred in whole or in part by the statutes of limitations
16 applicable to claims brought under the FMLA (29 U.S.C. § 2617(c)) because
17 Plaintiff has failed to allege sufficient facts to support a claim of willfulness.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedy)

20   Plaintiff's claim brought under the FMLA is barred on account of Plaintiff's
21 failure to timely exhaust the necessary administrative procedures and remedies.

### SEVENTEETH AFFIRMATIVE DEFENSE

(No Private Right of Action)

24   Plaintiff cannot state a claim under the FMLA based upon any alleged
25 failure to notify Plaintiff of the availability of the FMLA, because 29 U.S.C.
26 § 2619 does not provide a private right of action for such claim.

27

28

ANSWER TO UNVERIFIED COMPLAINT

**EXHIBIT B**
**Page 017**

1         **EIGHTEENTH AFFIRMATIVE DEFENSE**

2                   (Unclean Hands)

3       Plaintiff's claims are barred in whole or in part by the doctrine of unclean

4 hands with respect to, among other things, Plaintiff's failure to provide truthful

5 information to establish that she was legally permitted to be employed in the

6 United States.

7         **NINETEENTH AFFIRMATIVE DEFENSE**

8                    (Laches)

9       Plaintiff's claims are barred in whole or in part by the doctrine of laches

10 with respect to, among other things, Plaintiff's failure to diligently pursue her

11 claims.

12           **RESERVATION OF RIGHTS**

13       Defendant hereby gives notice that it intends to rely upon such other and

14 further affirmative defenses as may become available during discovery in this

15 action and reserves the right to amend its Answer to assert any such defenses. The

16 pleading of a defense as an affirmative defense is not an admission or

17 acknowledgment that Defendant bears the burden of proof on such defense, or

18 waiver of any argument that Plaintiff bears such burden.

19

20

21

22

23

24

25

26

27

28

ANSWER TO UNVERIFIED COMPLAINT      **EXHIBIT B**

**Page 018**

1              <u>**PRAYER FOR RELIEF**</u>

2    WHEREFORE, Defendant prays for judgment as follows:

3          1.    That Plaintiff takes nothing by her Complaint herein;

4          2.    That the Complaint be dismissed;

5          3.    That judgment be entered in favor of Defendant;

6          4.    For reasonable attorney's fees and costs of suit incurred herein; and

7          5.    For such other and further relief as the Court may deem proper.

8

9    Dated:  December 29, 2014          PROSKAUER ROSE LLP
                                        Enzo Der Boghossian
10                                      Susan L. Gutierrez

11

12                                      By _____

13                                           Enzo Der Boghossian

14                                      Attorneys for Defendant,
                                        *McDonald's Restaurants of California, Inc.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I declare that: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2049 Century Park East, 32nd Floor, Los Angeles, CA 90067-3206.

5

On December 29, 2014, I served the following document(s) described as:

6

7

**DEFENDANT MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

8

on the interested parties in this action:

9

☑    by placing ☐ the original ☑ true copies thereof enclosed in sealed envelopes addressed as follows:

10

### SEE ATTACHED SERVICE LIST

11

12

13

14

☐    (By Mail) I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the envelopes would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

☐    (By Fax) By transmitting a true and correct copy thereof via facsimile transmission to:

16

☐    (By Email) By transmitting a true and correct copy thereof via electronic transmission to:

17

18

☐    (By Overnight Courier) By causing such envelopes to be delivered the next business day to the offices of the addressees via Federal Express or other similar overnight delivery service.

19

☑    (By Personal Service)

20

☐      By personally delivering such envelopes to the offices of the addressees.

21

☑      By causing such envelopes to be delivered by messenger to the offices of the addressees.

22

23

☑    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

Executed on December 29, 2014, at Los Angeles, California.

26

27

<u>   Robert Linton   </u>        <u>             </u>
Type or Print Name                 Signature

28

PROOF OF SERVICE

**EXHIBIT B**
**Page 020**

**SERVICE LIST**

1

2  Edwin Pairavi, Esq.
   Saradin Chhim, Esq.
3  PAIRAVI LAW, P.C.
4  1875 Century Park East, Suite 1025
   Los Angeles, CA 90067
5  Telephone: (310) 789-2063
   Facsimile:  (310) 789-2064
6  Email: edwin@pairavilaw.com

7
   *Counsel for Plaintiff Monica Corona*
8

9  Omid Nosrati, Esq.
   LAW OFFICE OF OMID NOSRATI
10 1875 Century Park East, 6th Floor
   Los Angeles, CA 90067
11 Telephone: (310) 553-5630
   Facsimile:  (310) 789-5691
12 Email: omid@nosratilaw.com

13
   *Counsel for Plaintiff Monica Corona*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT C

1 | Enzo Der Boghossian (SBN 211351)
ederboghossian@proskauer.com
2 | Susan L. Gutierrez (SBN 273980)
sgutierrez@proskauer.com
3 | PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
4 | Los Angeles, CA 90067-3206
Telephone:   (310) 557-2900
5 | Facsimile:   (310) 557-2193

6 | Attorneys for Defendant,
*McDonald's Restaurants of California, Inc.*
7 |

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10 |

11 | Monica Corona, an individual,                     Case No. BC565407

12 |                          Plaintiff,              **DEFENDANT MCDONALD'S**
                                                     **RESTAURANTS OF**
13 |              v.                                  **CALIFORNIA, INC.'S NOTICE**
                                                     **TO ADVERSE PARTY OF**
14 | McDonald's Restaurants of California,            **REMOVAL TO UNITED STATES**
Inc., a California Corporation, dba as              **DISTRICT COURT**
15 | McDonald's; and DOES 1 through 50,
inclusive,                                          Complaint Filed:   December 2, 2014
16 |                                                 Trial Date:        None set
                         Defendants.
17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |                                                 **EXHIBIT C**
                                                     **Page 022**

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION

TO PLAINTIFF MONICA CORONA AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of for the above-captioned action was filed in the United States District Court for the Central District of California on December 30, 2014, by Defendant McDonald's Restaurants of California, Inc.

A true and correct copy of the Notice of Removal is attached to this Notice as Exhibit A and is served and filed herewith.

Dated:  December 30, 2014          PROSKAUER ROSE LLP
Enzo Der Boghossian
Susan L. Gutierrez


By _____
Enzo Der Boghossian

Attorneys for Defendant,
*McDonald's Restaurants of California, Inc.*

**EXHIBIT C
Page 023**

1

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION

# EXHIBIT D

1  Enzo Der Boghossian (SBN 211351)
   ederboghossian@proskauer.com
2  Susan L. Gutierrez (SBN 273980)
   sgutierrez@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA 90067-3206
   Telephone:   (310) 557-2900
5  Facsimile:   (310) 557-2193

6  Attorneys for Defendant,
   *McDonald's Restaurants of California, Inc.*
7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF LOS ANGELES**

10

11  Monica Corona, an individual,            Case No. BC565407

12                   Plaintiff,              **DEFENDANT MCDONALD'S
                                             RESTAURANTS OF
13          v.                               CALIFORNIA, INC.'S NOTICE
                                             TO THE CLERK OF THE
14  McDonald's Restaurants of California,    SUPERIOR COURT RE
    Inc., a California Corporation, dba as   REMOVAL OF CIVIL ACTION**
15  McDonald's; and DOES 1 through 50,
    inclusive,                               Complaint Filed:   December 2, 2014
16                                           Trial Date:        None set
                     Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
                                             **EXHIBIT D**
                                             **Page 024**
─────────────────────────────────────────────────────────
   NOTICE TO THE CLERK OF THE SUPERIOR COURT RE REMOVAL OF CIVIL ACTION

1   TO THE CLERK OF THE LOS ANGELES COUNTY SUPERIOR COURT:

2           PLEASE TAKE NOTICE that Defendant McDonald's Restaurants of

3   California, Inc. has filed a Notice of Removal of the above-entitled action to the

4   United States District Court for the Central District of California.   A true and

5   correct copy of the Notice of Removal filed with the federal court is attached

6   hereto as **Exhibit A**.   Pursuant to 28 U.S.C. § 1446(d), this Court "shall proceed no

7   further unless . . . the case is remanded."

8

9    Dated:  December 30, 2014          PROSKAUER ROSE LLP
                                        Enzo Der Boghossian
10                                      Susan L. Gutierrez

11

12                                      By _____

13                                              Enzo Der Boghossian

14                                      Attorneys for Defendant,
                                        *McDonald's Restaurants of California, Inc.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                      **EXHIBIT D**
                                                        **Page 025**

NOTICE TO THE CLERK OF THE SUPERIOR COURT RE REMOVAL OF CIVIL ACTION